UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH WEST-SOMEAH-KWAW,

    Plaintiff,

v.                                                           Case No. 12-11690

AMERICAN EXPRESS,                     HON. AVERN COHN

    Defendants.

_____/

**ORDER**
**GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**
**AND**
**DISMISSING COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION**

I.

Plaintiff Deborah West-Someah-Kwaw, proceeding pro se, has filed a complaint naming American Express as the defendant.

Plaintiff seeks to proceed in forma pauperis. Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis status. For the reasons that follow, however, the Court will dismiss the complaint for lack of subject-matter jurisdiction

II.

The Court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction."). The Court must read pro se complaints indulgently, see

Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

## II.

In the complaint, plaintiff alleges that American Express "embezzled $1000.00 that was owed to her from lost/stolen traveler's checks that were purchased May 25, 2011." Plaintiff further alleges that she has spoken to an employee of American Express and that her "claim" has been denied.

Plaintiff's allegations fail to reveal the presence of a claim over which this Court has subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's complaint does not reference any law, state or federal. To the extent plaintiff is claiming criminal embezzlement, criminal statutes do not provide plaintiff with a private cause of action. See Kafele v. Frank & Wooldridge Co., 180 F. App'x 307, 308–09 (6th Cir.2004) (stating that a private citizen plaintiff "has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts"). Therefore, the complaint does not adequately allege that there is federal question jurisdiction.

To the extent plaintiff is making a claim under state law, the Court only has subject matter jurisdiction in this case if there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a). While on the cover sheet attached to the complaint, plaintiff appears to indicate that jurisdiction is based on diversity, plaintiff does not allege the citizenship of the parties, much less show that the case involves over $75,000.00. Indeed, it appears that only $1,000.00 is at issue. Thus, the complaint fails to adequately allege diversity jurisdiction.

III.

For the reasons stated above, the complaint is dismissed for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

SO ORDERED.

  S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: April 20, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 20, 2012, by electronic and/or ordinary mail.

  S/Julie Owens
Case Manager, (313) 234-5160

3